UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAY 1 4 2012
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

UNITED STATES OF AMERICA, )
        Plaintiff, )
        vs. ) Criminal No. 1:12-MJ-316-TAB
DONALD SACHTLEBEN, )
        Defendant. )

## GOVERNMENT'S MOTION FOR DETENTION

The government hereby moves the Court for an order detaining the defendant, Donald Sachtleben ("Sachtleben"), pursuant to 18 U.S.C. §3142(f)(1)(A) and (f)(2)(A). Sachtleben has been charged by complaint with one count of knowingly distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of knowing possessing child pornography, in violation of 18 U.S.G. § 2252(a)(4)(B).

Sachtleben faces a rebuttable presumption against release, pursuant to 18 U.S.C. 3142(e). Because there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant or the safety of the community, the United States asks this court to order him detained.

Facts

On May 12, 2012, Sachtleben was charged by Complaint in the Southern District of Indiana with distributing and possessing child pornography. Sachtleben allegedly did this from his Carmel, Indiana residence using his laptop computer. On October 25, 2011, Sachtleben used a web-based email address and the username "pedodave69" to send child pornography images to another offender. The email message contained an offer to trade child pornography with the other offender, along with nine (9) attached images of child pornography and child erotica. The email stated, "Saw your profile on (name of website redacted) Hope you like these and can send me some of ours. I have even better ones if you like." The website specifically listed in the email message is known to be used by child pornography traffickers for social networking purposes relating to their sexual interest in children and child pornography.

Until his arrest, Sachtleben was working as a contractor for the FBI, having previously been a Special Agent before his retirement. He is an expert in the manufacture and use of explosive devices, including improvised weapons using materials that can be purchased in retail businesses. He travels frequently throughout the United States and abroad, having spent substantial amounts of time in foreign countries in Asia, Africa and the Mid East. Based upon his training and experience, he would be challenging and dangerous to locate if he was released pending trial and attempted to flee.

Discussion

Under 18 U.S.C. §3142(e), a defendant may be ordered detained pending trial if the Court finds one of the following three conditions to be true: (1) no condition or combination of conditions will reasonably assure the safety of any other person or the community . . . ; (2) no

condition or combination of conditions will reasonably assure the appearance of the defendant; or (3) there is a serious risk the defendant will flee.[1]  Further, 18 U.S.C. 3142(e) provides that "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense . . . involving a minor victim under . . . section 2252 . . . ."

The rebuttable presumption in 3142(e) shifts to the defendant the burden of producing evidence that the defendant is <u>not</u> a flight risk and <u>not</u> a danger to the community.  *See U.S. v Portes*, 786 F.2d 758 (7th Cir. 1985).  Even if the defendant presents contrary evidence, the Court should weigh the presumption in favor of pretrial detention as one of the factors to be considered along with those set forth in 3142(g). <u>Id</u>. ("[rebuttable presumption] remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in §3142(g)").

In determining whether there are conditions of release that will reasonably assure Sachtleben' appearance and the safety of any other person and the community, the Court must take into account:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .
(2) the weight of the evidence against the accused;
(3) the history and characteristics of the person, including;
    (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties,

---

[1] The government must prove "risk of flight" by a preponderance of the evidence, and danger to the community by clear and convincing evidence.  *See United States v. Portes*, 786 F.2d 758 (7th Cir.1986).

        past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)    whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial. . . . *See* 18 U.S.C. 3142(g).

Consideration of the factors enumerated in 3142(g) supports an order of detention in this case because no conditions of release will ensure the safety of the community <u>and</u> because the Sachtleben poses a substantial risk of flight.

I.    <u>Sachtleben Poses a Risk of Flight</u>

The government's case against Sachtleben is strong because he was found in possession of child pornography. The government has ample evidence supporting his guilt, as set forth in the Affidavit supporting the Complaint filed May 12, 2012. During the execution of a search warrant in his home that same day, the agents found images and videos of child pornography in his laptop computer. Preliminary forensics have been completed on this material and it shows that he distributed child pornography to at least one other person through the internet. This conduct is under investigation.

If convicted, Sachtleben faces a five-year statutory mandatory minimum sentence on the distribution charge. The mandatory minimum sentence, along with the numerous potential sentencing enhancements Sachtleben would face after conviction, provides Sachtleben with strong motivation to flee. *See United States v. Diaz*, 777 F.2d 1236 (7th Cir. 1985) (Court should give weight to fact that persons facing heavy sentences for particular types of offenses are likely to flee).

II.     Sachtleben is a Danger to the Community

Although it is sufficient for purposes of detention that the government prove by a preponderance of the evidence a defendant's risk of flight, in this case the government submits that, in addition, no conditions or combination of conditions of release can reasonably protect any other person and the community from Sachtleben. *See* 18 U.S.C. 3142(e).

Sachtleben is presently charged with a crime of violence, within the meaning of the Bail Reform Act. *See* 18 U.S.C. §3156 (a)(4). And, as the Supreme Court has explained, "the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children." *New York v. Ferber*, 458 U.S. 747, 759 (1982); *see also United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998) ("The simple fact that the [pornographic] images have been disseminated perpetuates the abuse initiated by the producer of the materials" (emphasis added)).

Further, the nature of the distribution of child pornography by Sachtleben (i.e., by sending the images to a person in a different state with whom the Sachtleben was not familiar ) in itself presents a danger to the community. Sachtleben distributed child pornography images, without regard to their impact on the child victims or the wider community. The internet, and Sachtleben' activities on such, has international reach in its potential for production, distribution and receipt of child pornography. If the Court were to release Sachtleben, the release would allow Sachtleben to continue his activity on the internet and otherwise.

5

## Conclusion

Sachtleben cannot rebut the statutory presumption against release in this case. The nature and circumstances of the child pornography offenses charged, the weight of the evidence against the accused, and other characteristics of the Sachtleben evidence that no condition or combination of conditions of release set forth under 18 U.S.C. §3142 (b) or (c) will reasonably assure his appearance, nor will they adequately protect the safety of any person or the community if Sachtleben is released. The government therefore requests that Sachtleben be detained.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

By: _____
Steven D. DeBrota
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: steve.debrota@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing Government's Motion for Detention upon the defendant, by delivering a copy to Kathleen Sweeney, Attorney at Law, on May 14, 2012.

Steven D. DeBrota
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: 317-226-6333